**STARK & STARK**
A Professional Corporation
By:  Timothy P. Duggan (TD-3231)
993 Lenox Drive, P.O. Box 5315
Lawrenceville, New Jersey 08648-5315
(609) 895-7375
Counsel for SYNERGISTICS EQUITIES LTD.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>    QDN, LLC,<br><br><br>                    Debtor. | Civil Action No. 2:07-CV-05467<br><br>JUDGE:  Hon. Katharine S. Hayden<br><br><br>Oral Argument Requested |

## MEMORANDUM OF LAW IN SUPPORT OF APPEAL FROM ORDER GRANTINGMOTION TO APPOINT TRUSTEE AND OTHER RELEIF

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................2

STATEMENT OF APPELLANT JURISDICTION ...................................................2

STATEMENT OF ISSUES PRESENTED ..................................................................3

STANDARD OF REVIEW ..........................................................................................5

STATEMENT OF FACTS AND PROCEDURAL HISTORY...................................5

LEGAL ARGUMENT.................................................................................................13

    A.    LACK OF SUBJECT MATTER JURISDICTION IS NOT CURABLE. ............15

    B.    THE PETITIONING CREDITORS DID NOT PERFORM THE REQUIRED DUE DILIGENCE BEFORE FILING THE PETITION......................................19

    C.    THE INVOLUNTARY DEBTOR DOES NOT QUALIFY AS A DEBTOR UNDER THE BANKRUPTCY CODE................................................................20

    D.    FAILURE TO HOLD EVEDENTIARY HEARING WHEN THERE IS DISPUTED EVIDENCE IS REVERSIBLE ERROR. ..........................................21

CONCLUSION ............................................................................................................22

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bowles v. Russell*, 127 S.Ct. 2360 (U.S., 2007) ............................................................15

*Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81 (C.A.3.Pa.,1988) ...............5

*Cook v. Winfrey*, 141 F.3d 322 (C.A.7.Ill., 1998) ........................................................18

*Des Moines Nav. & R. Co. v. Iowa Homestead Co.*, 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887)........................................................................................................17

*Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) ......16

*Henry v. Office of Thrift Supervision*, 43 F.3d 507 (C.A.10.Kan.,1994)......................................18

*In re Casamont Investors, Ltd.*, 196 B.R. 517 (9th Cir.BAP (Cal.), 1996) ...................................18

*In re Coral Petroleum, Inc.*, 62 B.R. 699 (Bkrtcy.S.D.Tex., 1986) .......................................18

*In re Dino*, 183 B.R. 779, 783 (S.D.Ohio)...............................................................19

*In Re Flores*, 291 B.R. 44, 52 (Bankr.S.D.N.Y., 2003)......................................................19

*In re Marvel Entertainment Group, Inc.*, 150 F.3d 453 (3d Cir. 1998)........................................2

*In re Silverman*, 230 B.R. 46 (Bankr.D.N.J 1998) ..........................................................19

*In re Westville Distribution,* 293 B.R. 101 (Bankr.D.Conn., 2003) ...........................................18

*Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)......................................15

Landon v. Hunt, 877 F.2d 829 (3d Cir.1992) (citations omitted)................................................5

*Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)........17

*Marcoux v. Farm Service and Supplies, Inc..* 290 F.Supp.2d 457 (S.D.N.Y., 2003) ....................21

*Matter of Wildman*, 30 B.R. 133 (Bankr.N.D.Ill.E.Div., 1983) .........................................18

*Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635 (C.A.3.Pa.,1991) ....................5

*Nor do Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ........16

*Richards v. Jefferson County, Ala.* 517 U.S. 793, 116 S.Ct. 1761, 1766 (U.S.Ala.,1996.)...........21

Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004)........................16

*Schacht v. United States*, 398 U.S. 58, 64, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970) ........................15

*U. S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406 (U.S.Ill.,1980) ............................................21

*Washington Intern. Ins. Co. v. U.S.*, 138 F.Supp.2d 1314 (Ct.Intl.Trade, 2001) .........................18

*Wight v. Bankamerica Corp.*, 219 F.3d 79 (C.A.2 (N.Y.), 2000)............................................18


**Statutes**

11 U.S.C. §109(a) (West 2003) ..........................................................................20

28 U.S.C. Section 158(a)(1) ...............................................................................2

**Other Authorities**

Restatement (Second) of Judgments § 12 (1980). 455-56.........................................................17

**Rules**

Fed. Rule Civ. Proc. 12(h)(3) .............................................................................17

Federal Rule of Bankruptcy Procedure 4004 ..................................................................15

Rule 7015 .....................................................................................................4, 14

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## PRELIMINARY STATEMENT

Bankruptcy Courts are courts of limited jurisdiction.  Unlike personal jurisdiction, subject matter jurisdiction cannot be waived by the debtor or created by creditors' conduct.  In the case of an involuntary bankruptcy petition, subject matter jurisdiction is dependent upon, *inter alia*, the existence of a "debtor."

The alleged debtor subject to the involuntary bankruptcy petition in the case at bar was identified in the involuntary petition as "Quality Distribution Network, LLC."  However, Quality Distribution Network, LLC, is an entity that does not exist.  The targeted debtor was QDN, LLC, a Limited Liability Company formed in Nevada.  This is not a mere naming error; it is a matter of identification of an existing entity valid under state law.  Since the alleged debtor does not exist as a matter of law, the Bankruptcy Court did not have subject matter jurisdiction and was required to dismiss the defective bankruptcy case immediately.

The Bankruptcy Court erred when it entered orders after the issue of subject matter jurisdiction was raised by the Appellant.  The orders entered after the bankruptcy court held it had subject matter jurisdiction should be vacated and the underlying bankruptcy case dismissed.

## STATEMENT OF APPELLANT JURISDICTION

The Order being appeal is a final order because it made a final determination of the appointment of a Chapter 11 Trustee.  The Third Circuit has held that such determinations are final orders.  *In re Marvel Entertainment Group, Inc.*, 150 F.3d 453 (3d Cir. 1998).  Synergistics Equities, LTD timely filed its Notice of Appeal on September 28, 2007 (Bankr. Dkt. No. 66).  Accordingly, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. Section 158(a)(1).

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Bankruptcy Court erred in ruling it had subject matter jurisdiction over the involuntary bankruptcy petition against Quality Distribution Network, LLC, a non-existent company.

2.      Whether the Bankruptcy Court erred in ruling that at the time it decided the motion to appoint a Chapter 11 Trustee, the Bankruptcy Court had subject matter jurisdiction over the case.

3.      Whether the Bankruptcy Court erred in ruling that at the time the Bankruptcy Court allowed the petitioning creditors to amend the involuntary petition, the Bankruptcy Court had subject matter jurisdiction over the case.

4.      Whether the Bankruptcy Court erred in ruling that the petitioning creditors' Amendment of the involuntary petition to change the name of the Debtor cured any defect in the Bankruptcy Court's subject matter jurisdiction or otherwise invoked the Bankruptcy Court's subject matter jurisdiction.

5.      Whether the Bankruptcy Court erred in ruling that the petitioning creditors could file an amended involuntary petition without obtaining the consent of the alleged Debtor or filing a motion for leave to file an amended involuntary petition as required under the Federal Rules of Bankruptcy Procedure.

6.      Whether the Bankruptcy Court erred in conducting a hearing on the petitioning creditor's motion for leave to amend the involuntary petition on less than twenty-four (24) hours notice and without an order shortening time as required by the court rules.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

7.     Whether the Bankruptcy Court erred in ruling that Rule 7015 of the Federal Rules of Bankruptcy Procedure may be used to file an amended involuntary petition filed against a non-existent entity.

8.     Whether the Bankruptcy Court erred in ruling that the filing of the amended involuntary petition related back to the original filing date of the involuntary petition.

9.     Whether the Bankruptcy Court erred in ruling that the Debtor's conduct in the Involuntary case stopped creditors from arguing that the Bankruptcy Court does not have subject matter jurisdiction over the case.

10.    Whether the Bankruptcy Court erred in ruling that the filing of the voluntary bankruptcy petition on behalf of QDN, LLC (referred to as Case No. 3 in the decision) acted to withdraw the answer to the involuntary petition filed against Quality Distribution Network, LLC (referred to as case number two in the decision).

11.    Whether the Bankruptcy Court erred in relying upon unsworn statements of counsel in making certain factual findings, including but not limited to the relationship among Wild Rose Investments, LLP and Synergistics Equities LTD, and the employees, owners and representatives of the aforesaid.

12.    Whether the Bankruptcy Court erred in not conducting an evidentiary hearing to make a proper record before making its decision on the motion to appoint a Chapter 11 Trustee.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## STANDARD OF REVIEW

The District Court reviews bankruptcy court's findings of fact under clearly erroneous standard and its conclusions of law de novo. *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81 (C.A.3.Pa.,1988); *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635 (C.A.3.Pa.,1991); Landon v. Hunt, 877 F.2d 829 (3d Cir.1992) (citations omitted).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The procedural history of this matter is somewhat complicated since it touches upon three separate bankruptcy case. During oral argument, the Honorable Morris Stern designated the cases as Case No.1, Case No. 2 and Case No.3 as follows:

(a) <u>Quality Distribution Network, Inc.</u>, a New Jersey Corporation - an involuntary Chapter 7 bankruptcy petition was filed against this entity on January 24, 2007, Bankruptcy Case No. 07-11014 (MS). Charles Forman was appointed as Chapter 7 Trustee of this bankrupt entity on February 23, 2007 (Case No. 1).

(b) <u>Quality Distribution Network, LLC</u>, a non-existent Limited Liability Company – an involuntary Chapter 11 bankruptcy petition was filed against this non-existent entity on June 6, 2007, Bankruptcy Case No. 07-17924 (MS). This case was ultimately converted to Chapter 7 and Robert Wasserman was appointed as Chapter 7 Trustee (Case No. 2).

(c) <u>QDN, LLC</u>, a Nevada Limited Liability Company – a voluntary Chapter 11 was filed by this entity on September 14, 2007 Bankruptcy Case No. 07-23238 (MS). This case was ultimately converted to Chapter 7 and consolidated with the bankruptcy case filed against Quality Distribution Network, LLC (Case No. 3). Robert Wasserman was appointed as Chapter 7 Trustee in the consolidated case.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

When appropriate, we will use the Case No. 1, Case No. 2 and Case No. 3 designation to simplify the argument.

**Description of Business**

Quality Distribution Network, Inc., a New Jersey Corporation, was in the business of selling and administering the distribution of candy and other products nationwide to such users as Marriott hotels, rest stops and national chains.   Representatives of Quality Distribution Network, Inc., would contact the end users, assist them in deciding which products to purchase, and take the orders.   The orders would be placed with regional distributors who would fulfill the orders.   Quality Distribution Network Inc. would receive the sale proceeds, deduct its commission, and pay the invoice prepared by the distributor.   The benefit to the chains was to have one point of contact and access to a computer system which simplified the ordering and payment process.

**Quality Distribution Network, Inc. Chapter 7 Case**

On or about January 24, 2007, three distributors filed an involuntary bankruptcy petition against Quality Distribution Network, Inc. in the United States Bankruptcy Court for the District of New Jersey.   On February 22, 2007, Charles Forman ("Trustee Forman") was appointed as Chapter 7 Trustee.   Trustee Forman retained the law firm of Feitlin Youngman Karas & Youngman, LLC, and immediately commenced administering the assets of the estate of Quality Distribution Network, Inc.

At some point in time, Ms. Youngman became aware that a new entity had been formed (QDN LLC) that was operating a similar business.   Trustee Forman filed an adversary proceeding against Q.D.N. LLC, and others seeking, among other things, a court order enjoining Q.D.N., LLC from operating outside the ordinary course of business.   It is important to note that

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

the defendant in the adversary proceeding is Q.D.N., LLC.    Synergistics does not admit that Trustee Forman named the correct entity in the adversary proceeding, but the adversary proceeding did place the petitioning creditors on notice of the potential existence of an entity named Q.D.N., LLC

On May 11, 2007, a consent order was entered for voluntary preliminary restraints.  This case continues today. (Record Exh. 19, Order attached to Youngman Certification as Exhibit "A")[1].  Although Case No 1 is not subject to this appeal, it is a related case whose history bears on the underlying issues being appealed.

## Involuntary Petition Against Quality Distribution Network, LLC

An involuntary Chapter 11 petition was filed against a non-existent entity designated as "Quality Distribution Network, LLC" by eight distributors, several of which were the same distributors which filed the involuntary bankruptcy petition against Quality Distribution Network, Inc. (Record, Exh. 1).  This is the case that is the main focus of this appeal. On August 27, 2007, an answer to the involuntary petition was filed on behalf of QDN, LLC, averring that (1) Quality Distribution Network, LLC [not Inc.] does not exist, and (2) the Bankruptcy Court does not have subject matter jurisdiction over a non-existent entity. (Record, Exh. 5, Answer).

After the answer to the involuntary petition was filed clearly raising the issue of subject matter jurisdiction, the petitioning creditors filed a pleading on August 30, 2007, captioned "Amended Petition" which purported to be an Amended Involuntary Bankruptcy Petition. (Record Exh. 6). The Amended Petition sought to name the correct debtor – QDN, LLC. Despite

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

---

[1]     At the instruction of the Court, the Appellant delivered a hard copy of the Designated Record to the Court in a binder with exhibit tabs.  The exhibit tabs correspond to the numbers set forth on the Appellant's Designation of Record filed with the court.  For purposes of referencing the record, the Appellant will refer to the Appellant's Designation of Record as "Record" and the term "Exh" shall refer to the exhibit tab (which corresponds with the number on the Designation of record).

the clear mandates of the Federal bankruptcy Rules, the petitioning creditors failed to file a motion for leave to file the amended involuntary petition.

On September 11, 2007, Trustee Forman (Trustee in Case No. 1) filed a motion for the appointment of a Chapter 11 Trustee in the so-called Quality Distribution Network LLC case (Case No. 2). The petitioning creditors supported the motion for the appointment of a Trustee.

On September 14, 2007, counsel for Synergistic Equities filed an objection to the appointment of the Trustee arguing that the Bankruptcy Court did not have subject matter jurisdiction over Case No. 2. (Record, Exh. 17) Specifically, Synergistics' September 14, 2007 letter brief:

    A.    Objects to the Bankruptcy Court's subject matter jurisdiction and advises the Bankruptcy Court that Quality Distribution Network, LLC does not exist. As a result, there is no debtor who can be subject to the court's jurisdiction.

    B.    Advises the Bankruptcy Court that a Secretary of State search, done on-line at a minimal cost, clearly shows the entity does not exist. The only "Quality Distribution Network" company existing in New Jersey is the corporation in Case No. 1. (Record, Exh. 17, search attached as Exhibit A).

    C.    Argues that the Amended Petition is a nullity since the creditors did not file a motion and obtain a court order granting leave to file the Amended Petition.

    D.    Takes issue with the conduct of the petitioning creditors who, based upon the record, did little, if any, due diligence before filing the involuntary bankruptcy petition in Case No 2.

As of this point in time, the issue of subject matter jurisdiction was placed before the Bankruptcy Court.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

**Initial Hearing on Trustee Motion – September 17, 2007**

On September 17, 2007, the Bankruptcy Court held the initial hearing on the Motion to Appoint a Chapter 11 Trustee in Case No. 2. (Record Exh. 29). As discussed below, on September 14, 2007, (three days before the hearing) QDN LLC, a Nevada Limited Liability Company, filed a voluntary Chapter 11 petition.

During the hearing, on September 17, 2007, the Bankruptcy Court noted the issue of subject matter jurisdiction and correctly held that he was required to determine whether or not he had subject matter jurisdiction before proceeding in this matter. (Record Exh. 29, Sept. 17 Tr., p. 4, ln. 16 p. 5, ln.)   Prior to raising this point, the Bankruptcy Judged asked counsel for the petitioning creditors:

> **THE COURT**:  Okay. And the last point, and again, I can understand it, and I'm not criticizing it, but it does appear as though you got the wrong name on the petition initially.
>
> **MS. PACHECO**:  Yes, absolutely.

(Record Exh. 29, Sept. 17 Tr., p.9, ln. 21-25)

When questioning the petitioning creditors' counsel further, the Bankruptcy Court asked:

> It's not an insignificant item.  It may be a highly technical point, and I don't say it isn't, and it might be a point in which more than one party an interest was mislead, intentionally or otherwise,  .  .  .   And what's the court to do with it?  In other words, do you have a legal argument?

Sept. 17 Tr., p. 10, ln. 17 to p. 11, ln. 1.

The Bankruptcy Court continued:

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

> Do you have a legal argument as to how you justify changing the name of a petition under these circumstances simply by filing a changed petition without motion and an order of the Court?

Sept. 17 Tr., p. 11, ln. 3-6.

No valid legal arguments were given by the petitioning creditors.  It is important to note that this hearing was being conducted on September 17, 2007, more than *two weeks after* the Amended Petition was filed (August 30, 2007) without a motion being filed.  Therefore, the only bankruptcy petition before the Bankruptcy Court on September 17, 2007, was the *original petition* naming a company that does not exist.

At the conclusion of the September 17, 2007 hearing, the Bankruptcy Court announced that "if there is truly a subject matter jurisdiction issue that ought to be more fully briefed, and you know, I'll entertain it if someone wants to press the point. . . . If consolidation is appropriate under these circumstances where an involuntary was filed in a wrong name, the name changed apparently in a manner inconsistent with the rules and then a voluntary petition for 11 having been filed with pretty much the same cast of characters running from June, except you.  .  " (Record Exh. 29, Sept. 17 Tr., p. 30, ln. 17 to p. 31, ln. 11).

The Bankruptcy Court adjourned the hearing on the motion to appoint a Chapter 11 Trustee in Case No 2 to September 21, 2007.  (Record Exh. 29, Sept. 17 Tr., p. 42, ln. 22 – 25).

**Motion to Amend Voluntary Petition**

On September 20, 2007, the petitioning creditors attempted to file a motion for entry of an order grating leave to file an amended petition. (Record Exh. 21).  However, it was filed incorrectly as evidenced by the notation on the Bankruptcy Court's docket [ECF no. 51] stating "ENTERED IN ERROR, WRONG EVENT CODE; ATTORNEY MUST REFILE

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

CORRECTLY." The motion was never re-filed, therefore, there was <u>never</u> a motion for leave to file an amended petition before the Bankruptcy Court.

More problematic was the fact that the motion was returnable the next day (September 21, 2007) which was less than 24 hours notice. The petitioning creditors did not seek an order shortening time – they simply once again thumbed their nose at the court's rules and did as they liked.

Also, the petitioning creditors never explained to the Bankruptcy Court exactly what type of due diligence was conducted before filing the involuntary petition against the wrong entity, Quality Distribution Network, LLC. It is clear a Secretary of State search was not done. It is also clear that the petitioning creditors did not speak to Trustee Forman, Trustee in Case No. 1, who filed a lawsuit against "Q.D.N., LLC" – a lawsuit which is on the docket and filed before the involuntary petition was filed. What is more troublesome is that numerous letters were sent back and forth using the name QDN LLC, many of which were copied to the petitioning creditors' counsel. For example, the Certification filed in support of the amended petition attaches a letter dated May 23, 2007, referencing QDN LLC and its operations. (Record Exh. 7, Certification, Exh. B). The letter was copied to the petitioning creditors' counsel. Further, the petitioning creditors allegedly received an "Announcement" stating that QDN LLC was taking over the business. (Record Exh. 11, Application, Exh. A).

Based upon the record, it is undisputed that the petitioning creditors were served with numerous letters and pleadings using the name QDN LLC [referring to the valid Nevada Limited Liability Company] before filing the involuntary petition. It is also undisputed that no corporate search was done before filing the involuntary petition. Finally, it is undisputed that the amended

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 11

petition was filed in violation of the court rules, without leave of court, which renders it null and void.  This conduct makes the petitioning creditors anything but diligent or responsible.

**Voluntary Bankruptcy Petition by QDN, LLC**

QDN, LLC, is a Nevada limited liability company.   As a result of the numerous bankruptcy petitions filed in this action, and other market factors, QDN, LLC experienced financial difficulties, and as a result, QDN, LLC filed a voluntary petition in the United States Bankruptcy Court for the District of New Jersey.

QDN, LLC, a proper debtor under Chapter 11, also objected to the subject matter jurisdiction involved by the Court in the Quality Distribution Network, LLC case.   QDN, LLC argued that Quality Distribution Network, LLC does not exist and should be dismissed.

**Final Hearing – September 21, 2007**

On September 21, 2007, the Bankruptcy Court conducted a hearing to decide the motion to appoint a Chapter 11 Trustee in Case No 2  – the only issue before the Bankruptcy Court. Once again, Synergistics raised the issue of subject matter jurisdiction. (Record Exh. 18).

At the hearing, the Bankruptcy Court held that it had subject matter jurisdiction and entered an order (1) appointing a Chapter 11 Trustee, (2) consolidating Case No. 2 and Case No. 3, and (3) allowing the petition in Case No 2 to be amended.

**Order Entered in Case No. 3**

The September 21, 2007 hearing resulted in two orders being entered, one in Case No. 2 and one in Case No.3.  The order entered in Case No. 2 was the Order Appointing The Chapter 11 Trustee, which is being appealed in the case.  The second order (the "Case No. 3 order") was entered October 4, 2007, and docketed in Case No. 3.  The Appellant filed a Motion For Leave to

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 12

appeal the Case No. 3 Order since it was based upon similar errors.  Specifically, the Case No. 3

order changes the name of the Debtor in Case No. 2 and consolidates Case No. 2 and Case No. 3.

## LEGAL ARGUMENT

The issues on appeal arise out of the filing of an involuntary Chapter 11 by various

petitioning creditors against a non-existent entity, a matter beyond the grant of bankruptcy

subject matter jurisdiction. Petitioning creditors admitted their error in open court, then proceed

to raise spurious arguments of wrong doing (disputed) that influenced the bankruptcy judge to

commit clear error.

The central issues are:

1.       the bankruptcy court failure to hold an evidentiary hearing to determine the

factual and legal basis for the disputed argument of the legal effect of the filing of the

registration document in New Jersey for the valid Nevada LLC named QDN; and

2.       the bankruptcy court cannot expand its subject matter jurisdiction granted by

Congress by appointing a trustee and converting an invalid state court entity into a valid entity.

It is undisputed that QDN, LLC, a Nevada limited liability company was

originally validly initiated (domesticated) in Nevada, and that a further filing was made in New

Jersey by its sole managing member. That person alleges that the filing in New Jersey was for

the proper purpose of registering a foreign LLC in New Jersey. He denies that it was to create a

new or second LLC entity, by the name of QDN. He did it because the operating bank account

was to be located in New Jersey; and no "foul motive" can be inferred or implied from that. This

is not a case of multiple debtor identities supporting a cast of wrongdoing characters running in

and out of bankruptcy courts for nefarious purposes.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 13

Opponents, without support of any evidence involving human intention, and without ever deposing the managing member and asking his intent, argued that the second filing in the name of QDN, LLC operated to create a valid New Jersey LLC, in essence a second QDN, LLC. In short, having made a fatal procedural mistake – by commencing an involuntary against a non-existent New Jersey LLC - they increased the level of their hyperbolic, hysterical, exaggerated and unsupported allegations of wrongdoing (arguments of counsel are not evidence) (Record Exh. 29, Sept. 17 Tr., p. 11, ln 21-25) against its member, its employees, and its secured creditors, until they talked the bankruptcy judge into error.

The really egregious aspect of this trial court error is that very early in the hearing on September 17, 2007, the Bankruptcy Judge knew that a naming and identity error had been committed by the petitioning creditors (to initiate the bogus involuntary Chapter 11) and counsel for them admitted the error without reservation: "Yes, absolutely.;" (Record Exh. 29, Sept. 17 Tr., p. 9, ln. 21-25).

Moving on, as posed by the judge, counsel for the petitioning creditors then admitted to an error under Bank. Rule 7015. (Similar to Fed. R. Civ. P. 15) (Record Exh. 29, Sept. 17 Tr., p. 10, ln. 1-6). They had amended in an effort to rectify their earlier clear mistake after an answer and without court permission – not to mention without due process for the persons that they were wrongfully and incessantly vilifying in pleadings and comments before the bankruptcy court.

Remarkably, the bankruptcy judge knew that the matter was of great import, and he knew it was jurisdictional. He then proceeded to seek a "legal argument" that would survive scrutiny, and counsel for petitioning creditors admitted she didn't have one: "Well, I don't --." (Record Exh. 29, Sept. 17 Tr., p. 10 ln. 17 to p. 11, ln. 2).

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 14

At this point, the court was on thin ice and it was loudly cracking, and the judge should have followed the law and the rules and he did not.

It was error to proceed to rule without determining the disputed evidence. That error led to violating jurisdictional constraints. All of the "bad boy" allegations in the world do not and cannot grant or create jurisdiction for a federal trial court. Only Congress can do that. The law controlling these issues is clear; even if the judge was inclined to believe allegations of wrongdoing (disputed by appellants), the judge cannot proceed.

### A.   LACK OF SUBJECT MATTER JURISDICTION IS NOT CURABLE.

A federal court has no authority to create equitable exceptions to jurisdictional requirements. *Bowles v. Russell*, 127 S.Ct. 2360 (U.S., 2007):

In *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), we held that failure to comply with the time requirement in Federal Rule of Bankruptcy Procedure 4004 did not affect a court's **subject-matter jurisdiction**. Critical to our analysis was the fact that "[n]o statute ... specifies a time limit for filing a complaint objecting to the debtor's discharge." 540 U.S., at 448, 124 S.Ct. 906. Rather, the filing deadlines in the Bankruptcy Rules are " 'procedural rules adopted by the Court for the orderly transaction of its business' " that are " 'not jurisdictional.' " Id., at 454, 124 S.Ct. 906 (quoting *Schacht v. United States*, 398 U.S. 58, 64, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970)). Because "[o]nly Congress may determine a lower federal court's **subject-matter jurisdiction**," 540 U.S., at 452, 124 S.Ct. 906 (citing U.S. Const., Art. III, § 1), it was improper for courts to use "the term 'jurisdictional' to describe emphatic time prescriptions in rules of

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 15

court," 540 U.S., at 454, 124 S.Ct. 906. *See also Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam). As a point of contrast, we noted that § 2107 ***2365** contains the type of statutory time constraints that would limit a court's jurisdiction. 540 U.S., at 453, and n. 8, 124 S.Ct. 906.FN3 *Nor do Arbaugh v. Y & H Corp*., 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), or Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004), aid petitioner. *In Arbaugh*, the statutory limitation was an employee-numerosity requirement, not a time limit. 546 U.S., at 505, 126 S.Ct. 1235. Scarborough, which addressed the availability of attorney's fees under the Equal Access to Justice Act, concerned "a mode of relief ... ancillary to the judgment of a court" that already had plenary jurisdiction. 541 U.S., at 413, 124 S.Ct. 1856. [Emphasis added.]

Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them. See *Curry, 6 How*., at 113, 12 L.Ed. 363. Put another way, the notion of " '**subject-matter**' " **jurisdiction** obviously extends to " 'classes of cases ... falling within a court's adjudicatory authority,' " **2366 Eberhart, supra*, at 16, 126 S.Ct. 403 (quoting *Kontrick, supra*, at 455, 124 S.Ct. 906), but it is no less "jurisdictional" when Congress forbids federal courts from adjudicating an otherwise legitimate "class of cases" after a certain period has elapsed from final judgment. [Emphasis added.]

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Only Congress may determine lower federal court's subject-matter jurisdiction. U.S.C.A. Const. Art. 3, § 1.*Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906 (U.S., 2004):

> Court-prescribed rules of practice and procedure for cases in federal district courts and courts of appeals do not create or withdraw federal jurisdiction. 454.

> A litigant generally may raise a court's lack of **subject-matter jurisdiction** at any time in the same civil action, even initially at the highest appellate instance. *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884) (challenge to a federal court's **subject-matter jurisdiction** may be made at any stage of the proceedings, and the court should raise the question *sua sponte* ); **Capron v. Van Noorden,** 2 Cranch 126, 127, 2 L.Ed. 229 (1804) (judgment loser successfully raised lack of diversity jurisdiction for the first time before the Supreme Court); Fed. Rule Civ. Proc. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").FN9 [Emphasis added.]

> FN9. Even subject-matter jurisdiction, however, may not be attacked collaterally. *Des Moines Nav. & R. Co. v. Iowa Homestead Co*., 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887); see Restatement (Second) of Judgments § 12 (1980). 455-56.

Characteristically, a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct; … 456.

> The various Circuit Courts of Appeal have followed the same rule:

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

1.      *Henry v. Office of Thrift Supervision*, 43 F.3d 507 (C.A.10.Kan.,1994). Congress possesses plenary power to confer or withhold appellate jurisdiction; parties cannot confer on federal courts jurisdiction which has not been granted by Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction.

2.      *Wight v. Bankamerica Corp.*, 219 F.3d 79 (C.A.2 (N.Y.), 2000).  Lack of subject matter jurisdiction may be raised at any time even by party who originally asserted jurisdiction.

3.      *Washington Intern. Ins. Co. v. U.S.*, 138 F.Supp.2d 1314 (Ct.Intl.Trade, 2001). Subject-matter jurisdiction of the federal courts is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events.

4.      *Cook v. Winfrey*, 141 F.3d 322 (C.A.7.Ill., 1998). Subject matter jurisdiction is to be determined as of the time when jurisdiction is invoked.

The Bankruptcy Appellate panels follow the same rule, see *In re Casamont Investors, Ltd.*, 196 B.R. 517 (9th Cir.BAP (Cal.), 1996). Jurisdiction is determined as of commencement of action.

Finally, Bankruptcy Courts follow the same rule:

1.      *Matter of Wildman*, 30 B.R. 133 (Bankr.N.D.Ill.E.Div., 1983). Establishment of jurisdiction of lower federal courts is a congressional prerogative.

2.      *In re Coral Petroleum, Inc.*, 62 B.R. 699 (Bkrtcy.S.D.Tex., 1986). In determining whether subject matter jurisdiction exists in case, court must refer to facts, which existed at date of filing of complaint.

3.      *In re Westville Distribution,* 293 B.R. 101 (Bankr.D.Conn., 2003).  In *In re Westerville,* a pro se Chapter 11 petition was filed on behalf of an entity that did not exist.  After the pro se entity obtained counsel, it sought to dismiss the Chapter 11 case.  However, the office

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

of United States Trustee filed a motion to convert the case to Chapter 7 arguing the Chapter 7 trustee could amend the petition to the correct entity. *Id*., at 102. The bankruptcy court denied the motion to convert finding: "A case must be dismissed if the court concludes that the petition which commenced it was filed on behalf of a non-existing entity. See, e.g., §§109 (a), (b), and (d), and 301. Any such dismissal will be *nunc pro tunc* to the date it was filed. *See In Re Flores*, 291 B.R. 44, 52 (Bankr.S.D.N.Y., 2003)." *Id*.

The *Westville Court* also noted the policy reasons for dismissing the action and stated that it is "fundamentally different from an attempt by a non-filer to vitalize a non-existing entity and then force it into bankruptcy without observing the statutory predicates for involuntary cases, Sec §303. Indeed, circumventing §303 would invite abuse of the bankruptcy process and create an opportunity for procedural mischief." *Id.*, at 102.

On September 17, 2007, when the issue of subject matter jurisdiction was raised by the Appellant, the Bankruptcy Court should have immediately dismissed the involuntary case since the Bankruptcy Court did not have jurisdiction to act any further.

### B. THE PETITIONING CREDITORS DID NOT PERFORM THE REQUIRED DUE DILIGENCE BEFORE FILING THE PETITION.

The petitioning creditors had an absolute obligation to conduct a reasonable inquiry into the facts surrounding an involuntary petition. *See, In re Dino*, 183 B.R. 779, 783 (S.D.Ohio)(the objective prong of bad faith requires an inquiry into whether the petitioning creditors conducted a reasonable inquiry into the law and facts); *In re Silverman*, 230 B.R. 46 (Bankr.D.N.J 1998) (awarding punitive damages for failing to perform adequate inquiry into debtor's financial condition).

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 19

It is untenable for the petitioning creditors to argue that they conducted the proper inquiry into the name and status of the alleged Debtor without even performing a business entity search with the Secretary of State of New Jersey. As evidenced by the search (Record Exh. 17, letter brief, search attached as Exhibit "A") it is clear from the public records of the State of New Jersey that Quality Distribution Networks LLC did not exist.

The Secretary of State of New Jersey's records can be searched electronically for a minimal cost. Petitioning creditors had an absolute obligation to conduct the appropriate due diligence before filing an involuntary bankruptcy petition, including making certain that they had the right identity of a valid debtor. There is simply no excuse for identifying or naming a debtor who does not exist. After failing to perform the proper due diligence, the petitioning creditors continued their flaunting of the rules by filing an amended petition without first filing a motion seeking leave to amend the involuntary petition.

While, generally, there is some latitude or liberality at the trial court level for amendments, such amendments cannot be used to bootstrap subject matter jurisdiction. (See above.)

### C.   THE INVOLUNTARY DEBTOR DOES NOT QUALIFY AS A DEBTOR UNDER THE BANKRUPTCY CODE

Section 109 of Title 11 of the United States Code (the "Code") governs who may be a debtor. A debtor must a "person" residing, domiciled, having a place of business or having property in the United States. 11 U.S.C. §109(a) (West 2003). A "person" as defined under Section 101 of the Code includes an "individual, partnership, and corporation ... " II U.S.C. §I0I(41). The involuntary debtor in this case, "Quality Distribution Network, LLC", does not

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 20

meet the definitional requirements of a debtor under the Code. It simply does not exist as an entity recognized under the laws of New Jersey or any other state.

Moreover, Section 303 of the Code provides in relevant part that "[a] An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person… that may be a debtor under the chapter under which such case is commenced. Since the involuntary debtor in this case is a non-entity, it does not qualify as a debtor under any chapter of the Code.

### D.   FAILURE TO HOLD EVEDENTIARY HEARING WHEN THERE IS DISPUTED EVIDENCE IS REVERSIBLE ERROR.

Opportunity to be heard is essential requisite of due process of law in judicial proceedings. *Richards v. Jefferson County, Ala.* 517 U.S. 793, 116 S.Ct. 1761, 1766 (U.S.Ala.,1996.) Right to be heard ensured by guarantee of due process has little reality or worth unless one is informed that matter is pending and can choose for himself whether to appear or default, acquiesce, or contest. 1766.

So too is the right to have the court rely on evidence obtained, not through the argument of counsel, but through the presentation of witnesses with personal knowledge, and supporting documentation if appropriate. Guarantees of due process call for a hearing appropriate to the nature of the case. *U. S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406 (U.S.Ill.,1980).

*Marcoux v. Farm Service and Supplies, Inc.*. 290 F.Supp.2d 457 (S.D.N.Y., 2003): "It is axiomatic that the arguments of counsel are not evidence; accordingly, we need not afford conclusive weight to the statement of plaintiff's counsel and we review the evidence to determine whether the jury's verdict is excessive."

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 21

## CONCLUSION

The Bankruptcy Court made layered mistakes, starting with the failure to dismiss the involuntary petition filed against a non-existent New Jersey Limited Liability Company. It is an undisputed fact that Quality Distribution Network, LLC was not a validly existing entity under state law. If not valid under state law, the entity cannot be a debtor under the Bankruptcy Code. Without a debtor, the bankruptcy court has no subject matter jurisdiction.

The Bankruptcy Court also overlooked the policy concern raised by the *Westville Court* which noted that any actions circumventing the requirements for the filing of an involuntary petition would create an opportunity for procedural mischief. The filing of an involuntary bankruptcy petition is a very serious matter since the consequences on the alleged debtor are severe. This court should not overlook the lack of due diligence performed by the petitioning creditors who, not only failed to perform any due diligence, but failed to follow the procedural rules in amending the petition. To reward such conduct would only encourage the mischief which was the concern of the *Westville* Court.

The District Court should vacate the order appointing the Chapter 11 Trustee. Once vacated, the Court should dismiss the underlying bankruptcy case due to a lack of subject matter jurisdiction. Once Case No. 2 is dismissed, the Appellants will continue with their appeal of the Case No. 3 order which, as a result of dismissal of Case No. 2, will also be subject to attack.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 22

Without Case No. 2, there cannot be a consolidation between Case No. 2 and Case No. 3. In addition, the basis for appointing a Chapter 11 Trustee in Case No. 3 will also have to be reversed.

STARK & STARK,
A Professional Corporation


By:    /s/ *Timothy P. Duggan, Esquire*
          TIMOTHY P. DUGGAN, ESQUIRE

Dated:  February 1, 2008

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

Page 23